IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-02517-GPG

MIA M. SHIELDS,

Plaintiff,

v.

THE UNITED STATES POSTAL SERVICE, and
OFFICE OF WORKERS COMPENSATION PROGRAM,

Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff Mia M. Shields has filed *pro se* a Title VII Complaint. (ECF No. 1). The Court must liberally construe Plaintiff's filings because she is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for *pro se* litigants. *See Hall*, 935 F.2d at 1110. For the reasons discussed below, Plaintiff is directed to file an Amended Complaint.

In the Title VII Complaint, Plaintiff invokes the Americans with Disabilities Act ("ADA"). (ECF No. 1). She further alleges defendants are in violation of Sections 501 and 504 of the Rehabilitation Act. (*Id.* at 8). It appears Plaintiff was employed by Defendant United States Postal Service in 2013 and 2014, then was injured and "unlawfully separated." (*Id.*). She received workers compensation for a time, which has ceased. (*Id.*). She cites portions of the Family and Medical Leave Act. (*See id.*). As relief, Plaintiff requests reinstatement, back pay, and workers' compensation. (*Id.* at 6).

The ADA prohibits covered employers from discriminating against "a qualified individual on the basis of disability." 42 U.S.C. § 12112(a). ADA discrimination claims follow the family burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). To establish a prima facie case of discrimination, Plaintiff must show: (1) she was disabled; (2) she was qualified, with or without reasonable accommodation, to perform the essential functions of the job; and (3) her employer discriminated against her because of her disability. *Robert v. Bd. of Cnty. Comm'rs*, 691 F.3d 1211, 1216 (10th Cir. 2012). Under the ADA, a person is disabled if she (1) has a physical or mental impairment that substantially limits one or more major life activities, (2) has a record of such an impairment, or (3) is regarded by the employer as having such an impairment. 42 U.S.C. § 12102(1). Supervisors and other employees may not be held personally liable under the ADA. *See Butler v. City of Prairie Village*, 172 F.3d 736 (10th Cir. 1999) (holding that the ADA, like Title VII and the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621, *et seq*., "precludes personal capacity suits against individuals who do not otherwise qualify as employers under the statutory definition.").

A plaintiff must "exhaust her claims before the EEOC as a prerequisite to federal court jurisdiction over her ADA claims." *MacKenzie v. City & Cty. of Denver*, 414 F.3d 1266, 1274 (10th Cir. 2005) (citations omitted). "A plaintiff's claim in federal court is generally limited by the scope of the administrative investigation that can reasonably be expected to follow the charge of discrimination submitted to the EEOC." *Id.*

Plaintiff attached a letter from the U.S. Department of Justice Civil Rights Division to the Title VII Complaint. (ECF No. 1 at 7). When submitting the Amended Complaint, Plaintiff must include as exhibits any charge of discrimination filed with the EEOC and any

response from the EEOC, including any notice of right to sue.

Plaintiff must also comply with Rule 8 of the Federal Rules of Civil Procedure when filing the Amended Complaint. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd* 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."

Pursuant to Rule 8, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A viable complaint must contain enough factual allegations to "state a claim to relief that is plausible on its face." *Id.* (citation omitted). Plaintiff must explain, clearly and concisely, "what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Accordingly, it is

ORDERED that Plaintiff shall file, **within thirty (30) days of the date of this Order**, an Amended Complaint on the Court-approved Complaint form that complies with the directives in this Order. Plaintiff must complete all sections of the Complaint form and, as directed above, must include as exhibits any charges of discrimination and any response from the EEOC. It is

FURTHER ORDERED that the Clerk of Court is directed to mail to Plaintiff a copy of the Court-approved Complaint form, along with the applicable instructions. Plaintiff is informed that this form and the instructions are also available at www.cod.uscourts.gov or the District Court Clerk's Office, 901 19th Street, Denver, Colorado. It is

FURTHER ORDERED that, if Plaintiff fails to file an Amended Complaint within the time allowed, the Court may dismiss this action without further notice.

DATED October 11, 2016, at Denver, Colorado.

BY THE COURT:



Gordon P. Gallagher
United States Magistrate Judge