IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-02517-CBS

Mia M. Shields,

        Plaintiff,

v

United States Postal Service,

        Defendant.

ORDER ON DEFENDANT'S MOTION TO DISMISS

Magistrate Judge Craig Shaffer,

    This matter comes before the court on Defendant United States Postal Service's Motion to Dismiss (doc. # 43), filed June 14, 2017. *Pro se* Plaintiff Mia M. Shields filed her Response (doc. # 44) on June 16, 2017. This case was reassigned to the court pursuant an Order Drawing Case (doc. # 10), and all parties consented (doc. # 13) to magistrate judge jurisdiction under 28 U.S.C § 636(c) and D.C.COLO.LCivR 40.1 for all proceedings in this action. The court has reviewed the motion and related briefing, the pleadings, the entire case file, and the applicable laws, and is sufficiently advised in the premises.

**Procedural Background**

    Plaintiff Mia Shields is a former employee of Defendant United States Postal Service [hereinafter USPS]. Ms. Shields commenced this action by filing her initial Complaint (doc. # 1) on October 11, 2016, alleging claims under the Americans with Disabilities Act, the Rehabilitation Act, and the Family and Medical Leave Act. Her first Amended Complaint (doc. #

1

8) alleged claims for wrongful termination and violations of the Family and Medical Leave Act. Ms. Shields' Second Amended Complaint (doc. # 41) was filed on June 1, 2017, and remains the operative pleading in this case. The Second Amended Complaint drops the previous claims and alleges only violations of the Equal Pay Act, 29 U.S.C. § 206.

Plaintiff Shields' Second Amended Complaint (doc. # 41) consists of a single full-page paragraph which is repetitious and in parts difficult to understand. Ms. Shields contends that she was hired as a City Carrier Assistant on May 18, 2013, for a 90 day probationary period. She then alleges that she worked a full 365 days before serving a second 90 day probationary period that ended in August 2014. While the chronology of events is unclear, Ms. Shields goes on to suggest that she suffered a "compensable traumatic on the job spinal injury" in March 2014. Ms. Shields alleges that she was converted to a "Career status[sic] Mail Carrier Technician" on August 23, 2014. Ms. Shields indicates that starting in August 2014, she was on "light duty" as a result of her injury, and that a "USPS nurse" "stated [she] needed to attempt to carry the mail on a trial basis or else [she would] be separated."[1] According to Ms. Shields, she was then reassigned to the Northglenn Post office, 18 miles from her residence, despite "definitely need[ing] a reasonable accommodation." She contends that USPS changed her work location in order to induce attendance issues. Ms. Shields then takes issue with the "Union's" lack of help,[2] and ends her Second Amended Complaint writing "Many men have converted to full time regular positions after 90 days under this agreement. I am requesting equal pay, benefits and damages up to 300,000USD to full-time career status."

---

[1] "Separations" are personnel actions that result in taking the employee off the rolls of the Postal Service. *365 Separation*, (Accessed Aug. 16, 2017), https://about.usps.com/manuals/elm/html/elmc3_026.htm.

[2] Plaintiff frequently references a "Union Contract" in her complaint and response, but no document or citation has been provided.

Defendant USPS's Motion to Dismiss (doc. # 43) argues that Ms. Shields' operative pleading fails to state a claim suitable for relief and is appropriately dismissed under Federal Rule of Civil Procedure 12(b)(6). Defendant additionally raises the two year statute of limitations for Equal Pay Act claims, arguing that the Second Amended Complaint should not relate back under Federal Rule of Civil Procedure 15. Ms. Shields' Response argues (doc. # 44) that she was not paid equally to her male colleagues, and that because her termination was willful, her claim is within the appropriate three year statute of limitations.

## **Analysis**

USPS moves to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. To survive a motion to dismiss, the complaint must contain enough factual allegations "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Under Rule 12(b)(6), the factual allegations of the complaint are taken as true and all reasonable inferences are drawn in favor of the plaintiff. *See Moore v. Guthrie*, 438 F.3d 1036, 1039 (10th. Cir. 2006).

Because Ms. Shields is a *pro se* plaintiff her "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)). Pleadings involving a *pro se* litigant should be considered to state a valid claim when reasonable, even if a *pro se* litigant fails to cite proper authority, confuses legal theories, or is unfamiliar with pleading requirements. *Id.* To that end, "[t]he *Haines* rule applies to all proceedings involving a *pro se* litigant." *Id.* at n. 3. However, the court cannot be a *pro se* litigant's advocate. *Yang v.*

*Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008). Although the court construes a *pro se* plaintiff's pleadings liberally, a litigant "still retains the burden of alleging sufficient facts on which a recognized legal claim could be based." *Nasious v. Nu-Way Real Estate*, No. 07-cv-01177-PSF-MEH, 2007 WL 4858800, at *1 (D. Colo. Dec. 12, 2007).

A cause of action under the Equal Pay Act arises when an employer pays different wages to employees of opposite sexes for equal work in jobs that are substantially similar. *See Corning Glass Works v. Brennan*, 417 U.S. 188, 195 (1974). Specifically, to state a claim under the Equal Pay Act, a plaintiff must allege facts that show she was 1) performing substantially similar work considering the skills, duties, supervision, effort and responsibilities of the jobs, 2) the conditions of the work were basically the same, and 3) employees of the opposite sex were paid more under the same circumstances. *See Sprague v. Thorn Americas, Inc.*, 129 F.3d 1359, 1364 (10th Cir. 1997).

USPS argues that Ms. Shields has not alleged facts demonstrating that she was paid differently from her male counterparts for performing the same work. Defendant asserts that the only mention of male employees in the Second Amended Complaint is Ms. Shields' contention that male employees have converted to full-time positions while she has not. Ms. Shields' Response (doc. # 44) includes a series of uncited quotations from a "Union Contract" discipline procedure, with several statements randomly interspersed throughout block excerpts of the purported contract. Ms. Shields mentions at various points that, "The United States Postal Service cannot be allowed to keep stating I was a probationary employee and deny back pay when evidence clearly shows I was a Career Mail Carrier Technician 2," and that the USPS "has failed to pay me what they would pay a male mail carrier with my same job title." She concludes

saying, "I have not been paid or allowed to be paid equal to the male mail carriers or the white mail carriers."

Ms. Shields' Second Amended Complaint does not allege facts that support any element of an Equal Pay Act claim.[3] The only facts she brings forth concerning her work responsibilities are that she was on "light duty," that a nurse told her she would have to attempt to carry mail, and that she needed a reasonable accommodation. Ms. Shields' contention that many men have converted to full-time positions is not sufficient to state a claim. Even if her transfer to the Northglenn office was a form of constructive discharge, as she appears to allege, that alone would still not justify relief under the Equal Pay Act. In her Response, Ms. Shields states in conclusory fashion that she was not paid an equal amount compared to male employees. However, Ms. Shields cannot modify her pleadings in a response brief, nor would the mere conclusory accusation of pay discrimination suffice to state a claim. *See Bell Atlantic Corp.*, 550 U.S. at 547. Drawing all reasonable inferences for Plaintiff, the Second Amended Complaint does not allege sufficient facts to state a plausible claim under the Equal Pay Act.

Further, even though she is *pro se*, Ms. Shields' complaint must still comply with the pleading requirements of Federal Rule of Civil Procedure 8. *See Moore v. Delta County Police*, 396 Fed. Appx. 529, 532 (10th Cir. 2010). The purpose of a complaint is to give the opposing parties fair notice of the basis for the claims so that they may respond, as well as to allow the court to conclude that the allegations show the plaintiff is entitled to relief if proven. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). As Ms. Shields was instructed after her initial complaint, Rule

---

[3] Plaintiff attaches multiple documents to her complaint without reference or explanation. Several documents appear to have little relevance to an Equal Pay Act claim, and were also attached to her prior complaints. Ms. Shields agreed to withdraw all of her previous claims during the June 5, 2017 status conference (doc. # 42), when the court accepted the current Second Amended Complaint.

8 requires that a complaint contain 1) a short and plain statement of the grounds for jurisdiction, 2) a short and plain statement of the claim showing that the pleader is entitled to relief, and 3) a demand for the relief sought. *See also* Order Directing Plaintiff to File Amended Complaint (doc. # 5). Rule 8(d)(1) requires that "[e]ach allegation must be simple, concise, and direct." *See also Id.*

There is nothing simple, concise, or direct about Ms. Shields' Second Amended Complaint. It presents a somewhat contradictory non-chronological narrative that is randomly interspersed with conclusions and accusations toward parties not part of this lawsuit. While an arrangement of the facts she presents may state some type a claim, her current pleading is barely intelligible. It is worth noting that each revision of Ms. Shields' complaint has resulted in abandoning prior claims.

## **Conclusion**

For the foregoing reasons Defendant USPS's Motion to Dismiss is granted.[4] Plaintiff's Second Amended Complaint is dismissed without prejudice. Plaintiff may file a third amended complaint within 30 days of the date of this Order. If Plaintiff fails to file a third amended complaint within the time allowed, the action may be dismissed without further notice. Although Plaintiff is once again given leave to amend, she does not have an unlimited right to amend her pleadings or allege new claims. *See Foman v. Davis*, 371 U.S. 178, 182 (1962), *see also Boerger v. Fidelity Investments*, No. 10-cv-02477-WYD-KMT, 2011 WL 255148, at *1 (D. Colo. Jan. 26, 2011).

---

[4] The Equal Pay Act's statute of limitations need not be addressed because the court finds the Second Amended Complaint does not state a plausible claim.

DATED August 18, 2017.

                                       BY THE COURT:

                                       <u>s/ Craig B. Shaffer</u>
                                       U.S. Magistrate Judge