IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No: 16-cv-02517-CBS

MIA M. SHIELDS

        Plaintiff,

v.

UNITED STATES POSTAL SERVICE,

        Defendant.

---

## ORDER REGARDING DEFENDANT'S MOTION TO DISMISS

---

Magistrate Judge Shaffer

       This matter comes before the court on Defendant United States Postal Service's Motion to Dismiss Plaintiff's Third Amended Complaint (doc. #48), filed on September 11, 2017. The Postal Service argues that Ms. Shield's Third Amended Complaint must be dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim for relief under the Equal Pay Act of 1963, 29 U.S.C. § 206(d)(1). Ms. Shields filed a Response to Defendant's Motion to Dismiss (doc. #49) on September 13, 2017, and then a Motion to Oppose the Defendant's Motion to Dismiss the Third Amended Complaint (doc. #51) on September 20, 2017. The Postal Service declined to file a reply brief on September 19, 2017. The pending motion is fully briefed and ready for decision.

       The parties consented to magistrate judge jurisdiction pursuant to 28 U.S.C. §636(a) and D.C.COLO.LCivR 40.1(c) on December 12, 2016. This case was formally referred to this magistrate judge on February 13, 2017. The court has reviewed Defendant's brief and Plaintiff's

multiple responses.[1]  I have also carefully considered the entire court file and the case law cited by the parties.  For the following reasons, I conclude that Ms. Shields' claim under the Equal Pay Act is barred by the statute of limitations and must be denied.

## PROCEDURAL HISTORY

Ms. Shields commenced this action on October 11, 2016 with the filing of her original Complaint (doc. #1).  That pleading asserted claims under the Family Medical Leave Act (29 U.S.C. § 2601-54), the Americans with Disabilities Act (42 U.S.C. § 12111 *et seq.*)*,* and the Rehabilitation Act 29 U.S.C. § 701 *et seq.*) against the United States Postal Service and the Office of Workers Compensation Program (OWCP).  Plaintiff's Complaint sought her return to the Postal Service with reasonable accommodations, the payment of back pay pursuant to the FMLA, and compensation from the OWCP for her occupational disease/injury.  On October 26, 2016, Ms. Shields filed a First Amended Complaint (doc. #8) which asserted claims for wrongful termination and FMLA discrimination against the Postal Service.

On April 18, 2017, Ms. Shields filed a Motion to Amend the Complaint (doc. #39) for the purpose of adding claims for age and wage discrimination because a member of management called her "old and slow moving on numerous occasions in front of co-workers" and because the Postal Service refused to sign paperwork requesting her "pay rate and employment verification." Ms. Shields also indicated that she wished to add a claim for "race discrimination because if [she] was a Caucasion (sic) employee [she] would have received those benefits."  Unfortunately,

---

[1]  Plaintiff's motion (doc. #51) to [further] oppose Defendant's motion to dismiss does not articulate why Plaintiff should be permitted to surreply and does not certify conferral with Defendant as required by D.C.COLO.LCivR 7.1.  The court has nonetheless considered that filing.  The motion (doc. #51) is terminated as moot.

Ms. Shields did not comply with Local Rule 15.1(b), D.C.COLO.LCivR 15.1(b), by attaching a proposed second amended complaint to her motion. On April 28, 2017, this court denied Plaintiff's Motion to Amend the Complaint, but allowed Ms. Shields to file a new motion to amend with an attached proposed amended complaint by June 2, 2017.

On June 1, 2017, Ms. Shields filed an EPA Equal Pay Act Complaint (doc. #41). This Second Amended Complaint Complaint sought to assert a claim under the Equal Pay Act based upon the Postal Service's failure to properly pay Ms. Shields what employees of the opposite sex were receiving and "to collect back wages due to employees as a result of such unlawful payments." On June 14, 2017, the Postal Service filed a Motion to Dismiss for Failure to State A Claim (doc. #43). Ms. Shields filed an Opposition to the Defendant's Motion to Dismiss (doc. #44) on June 16, 2017. This court dismissed Ms. Shields' Second Amended Complaint on August 18, 2017, after concluding that Plaintiff's Second Amended Complaint presented "a somewhat contradictory non-chronological narrative that is randomly interspersed with conclusions and accusations toward parties not part of this case." Although the court gave Plaintiff one more chance to file a third amended complaint, Ms. Shields was told that she did not have an unlimited right to amend her pleadings or allege new claims.

Ms. Shields filed her Third Amended Complaint Equal Pay Act Violation (doc. #47) on August 29, 2107. This pleading alleges that the Postal Service violated 29 U.S.C. § 206(d)(1) of the Equal Pay Act by compensating Ms. Shields at a rate of pay substantially lower than the rates of pay offered to the opposite sex.[2] The Postal Service again moves to dismiss this lawsuit,

---

[2]The Third Amended Complaint also alludes to other possible violations of federal law. Unfortunately, those additional allegations are not well-defined and/or fail to properly allege cognizable claims for relief. The Third Amended Complaint, therefore, must rise or fall on Ms.

arguing that the Third Amended Complaint still fails to allege facts sufficient to "state a claim to relief that is plausible on its face."

## ANALYSIS

Rule 12(b)(6) states that a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." *See* Fed. R. Civ. P. 12(b)(6). In deciding a motion under Rule 12(b)(6), the court must "accept as true all well-pleaded factual allegations . . . and view these allegations in the light most favorable to the plaintiff." *Casanova v. Ulibarri*, 595 F.3d 1120, 1124 (10th Cir. 2010) (quoting *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009)). However, a plaintiff may not rely on mere labels or conclusions, "and a formulaic recitation of the elements of a cause of action will not do." *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

To withstand a motion to dismiss, a complaint must contain enough allegations of fact "to state a claim to relief that is plausible on its face." *Id.* As the Tenth Circuit explained in *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007), "the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." "The burden is on the plaintiff to frame 'a complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." *Robbins v. Oklahoma,* 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Bell Atlantic Corp.*, 550 U.S. at 556). A complaint must set forth sufficient facts to elevate a claim above the level of mere speculation. *Id.* "Nevertheless, the standard remains a liberal one,

---

Shields' one claim under the Equal Pay Act.

and 'a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of these facts is improbable and that a recovery is very remote and unlikely.'" *Jordan v. Cooley*, No. 13-cv-01650-REB-MJW, 2014 WL 923279, at *1 (D. Colo. March 10, 2014) (quoting *Dias v. City and County of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009)).

While *pro se* pleadings should be "construed liberally and held to a less stringent standard than formal proceedings drafted by lawyers," *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), a *pro se* plaintiff is still required to provide a simple and concise statement of her claims and the specific conduct that gives rise to each asserted claim. This court cannot be a *pro se* litigant's advocate. *Id.* Just as importantly, the court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not asserted. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

A complaint is subject to dismissal for failure to state a claim for relief if the allegations in the complaint show that relief is barred by the applicable statute of limitations. *Jones v. Bock*, 549 U.S. 199, 215 (2007). *Cf. Brooks v. City of Winston-Salem*, 85 F.3d 178, 181 (4th Cir. 1996) (quoting 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1357, at 352 (1990), "'[a] complaint showing that the statute of limitations has run on the claim is the most common situation in which the affirmative defense appears on the face of the pleading,' rendering dismissal appropriate").

> [D]ismissal under Rule 12(b)(6) on the basis of a limitations defense may be appropriate when the plaintiff effectively pleads herself out of court by alleging facts that are sufficient to establish the defense. . . . Further, the plaintiff bears the burden of "plead[ing] circumstances which would indicate why the [cause of action] was not discovered earlier and which would indicate why the statute should be tolled."

*Owner Operator Indep. Drivers Ass'n, Inc. v. Comerica Bank*, 540 F. Supp. 2d 925, 929 (S.D. Ohio 2008) (internal citations omitted). *See also Walton v. Potter*, No. 05-C-3809, 2006 WL 3341187, at *1 (N.D. Ill. 2006) ("The statute of limitations issue may be resolved definitively on the face of the complaint when the plaintiff pleads too much and admits definitively that the applicable limitations period has expired."); *Sangyimphan v. Tsai*, No. 17-cv-02152-RS, 2017 WL 3284693, at *2 (N.D. Cal. Aug. 2, 2017).

Although Ms. Shields suggests that the Postal Service willfully terminated her employment on October 25, 2014, the Third Amended Complaint fails to alleges facts that would sustain that argument. Plaintiff broadly claims that after she started with the Postal Service as a CCA City Carrier Assistant on May 18, 2013, she saw a pay stub belonging to a male CCA who apparently received $1.29/hour more than Ms. Shields. A single pay stub for a male CCA does not demonstrate that all male CCAs received more than Ms. Shields. Once she became a "mail carrier technician," Ms. Shields received $35,949 per year while "male letter carriers doing the exact same job is being paid $51,212 per year." Although Ms. Shields provided copies of her own Notification of Personnel Actions, she has not provided any records for male employees performing the same job. *See, e.g., Benavidez v. Sandia National Labs.*, No. CIV 15-0922 JB/LF, 2017 WL 2266854, at *24-26 (D.N.M. Jan. 17, 2017), *recon. den'd on other issues,* 2017 WL 3052765 (D.N.M. June 21, 2017), *appeal pending*. At best, Ms. Shields' Third Amended Complaint provides a boilerplate statement that does not push her claim from innocent to plausible. *Cf. Muldrew v. Joseph McCormick Const. Co., Inc.*, No. 14-27 Erie, 2014 WL 3890336, at *7 (W.D. Pa. Aug. 8, 2014). More to the point, even when construed in a light most favorable to Plaintiff, the Third Amended Complaint does not present any evidence that would

demonstrate or even suggest that Ms. Shields has alleged a willful violation of the Equal Pay Act. More importantly, without a willful violation of the Equal Pay Act, Ms. Shields' claim is no longer actionable.

This court concedes that motions to dismiss on statute of limitations grounds generally are not favored. *See, e.g., FDIC v. Frates*, 44 F. Supp. 2d 1176, 1203 (N.D. Okla. 1999). *Cf. Tolbert v. National Harmony Memorial Park*, 520 F. Supp. 2d 209, 211 (D.D.C. 2007) ("[B]ecause statute of limitations issues often depend upon contested questions of fact, 'courts should hesitate to dismiss a complaint on statute of limitations grounds based solely on the face of the complaint'"). Unfortunately, Ms. Shields cannot invoke the doctrines of equitable tolling or equitable estoppel to preclude dismissal of this case.

To successfully claim the benefits of equitable tolling, Ms. Shields bears the burden of showing that she diligently pursued her claim under the Equal Pay Act, but that some extraordinary circumstances stood in her way. *Barnes v. United States*, 776 F.3d 1134, 1150 (10th Cir. 2015). *Cf. Bass v. Potter*, 522 F.3d 1098, 1106 (10th Cir. 2008) (holding that equitable tolling requires that "the circumstances be such that the plaintiff could not reasonably have been expected to act within the deadline"); *Robinson v. United States*, No. 13-cv-02269-MSK-CBS, 2014 WL 2536828, at *3, 7 (D. Colo. June 5, 2014) (the party seeking to justify equitable tolling "bears a strong burden to show specific facts" to demonstrate that he was pursuing his rights diligently and that some extraordinary circumstances stood in his way).

Nothing in the record suggests that any representative of the Postal Service attempted to delay or prevent Ms. Shields from filing her lawsuit in a timely manner. *Cf. Barnes,* 776 F.3d at 1150 (suggesting that equitable tolling is unavailable "unless [government action or inaction]

makes it impossible reasonably for the party to comply with the filing statute"). *See also Stewart v. Rock Tenn CP, LLC*, No. 3:13-CV-02147-AC, 2015 WL 1883910, at *10 (D. Or. Apr. 24, 2015) (while equitable tolling should be reserved for "extreme cases," the court noted that it may be potentially applicable where the "'government's deliberate failure to provide [plaintiff] with accurate information' resulted in the plaintiff's 'ignorance of the event triggering the limitations period'") (quoting *Supermail Cargo, Inc. v. U.S.*, 68 F.3d 1204, 1207-08 (9th Cir. 1995)). But in this case, the record shows that Ms. Shields simply failed to act in a timely manner. Failure to take required action does not rise to the level of "extraordinary circumstances" sufficient to support equitable tolling. *Cf. Barnes,* 776 F.3d at 1150 ("a garden variety claim of excusable neglect . . . does not warrant equitable tolling"). *See also Wilkerson v. United States*, No. 3:13-1499, 2014 WL 1653249, at *8 (M.D. Pa. Apr. 24, 2014) (while equitable tolling may be available in "certain limited instances, where plaintiffs acting with due diligence have failed to comply with the FTCA's exhaustion requirement," the remedy "do[es] not extend to 'garden-variety claims of excusable neglect'"); *Hall v. Yates*, No. CIV S-08-2910 FCD EFB P, 2009 WL 4730906, at *2 (E.D. Cal. Dec. 7, 2009) (noting counsel's misconduct will only constitute extraordinary circumstances if it is "sufficiently egregious" and attorney misconduct will only constitute an extraordinary circumstance if it rises about the level of mere negligence).

Invocation of the doctrine of equitable estoppel is equally unavailing in this case. A claim for equitable estoppel would require Ms. Shields plausibly to allege that the Postal Service was aware of her termination and thereafter took steps to prevent her from filing a timely complaint. *Cf. Reid v. United States*, 626 F. App'x 766, 769 (10th Cir. 2015). *See also Adams v.*

*Henderson*, 197 F.R.D. 162, 167-68 (D. Md. 2000) (holding that the Postal Service's "sloppy mailing practices" would not support a claim of equitable estoppel where plaintiffs presented "no evidence to show that these practices were intentionally carried out to cause the plaintiffs to miss the filing deadline, even if negligent").  There are simply no facts alleged in the Third Amended Complaint that would support a claim for equitable estoppel in this case.  In short, Ms. Shields' claim must fail under the prevailing statute of limitations.[3]

## CONCLUSION

For the reasons stated above, the court hereby GRANTS the United States Postal Services' Motion to Dismiss Plaintiff's Third Amended Complaint and enters judgment against Ms. Shields.

DATED this 6th day of October, 2017.

BY THE COURT:


s/ Craig B. Shaffer
United States Magistrate Judge

---

[3]In light of this Order, Ms. Shields' Motion/Demand for Jury Trial (doc. #45) is denied as moot.